**FILED**
**NOV 09 2012**
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| JONATHON CUNNINGHAM, ) | |
| ) | |
| Plaintiff, ) | No. 12-5082 |
| ) | **JURY DEMAND** |
| v. ) | |
| ) | |
| THE CITY OF STURGIS, ) | **COMPLAINT** |
| STURGIS POLICE DEPARMENT, and ) | |
| POLICE OFFICER JENNA RICHARDS,) | |
| ) | |
| Defendants. ) | |

Come the Plaintiff and for his cause of action states the following:

## I. INTRODUCTION

This is an action for declaratory judgment and money damages brought under 42 U.S.C. § 1983 and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States; and under South Dakota law for false imprisonment, false arrest, physical injury, assault conspiracy, negligence, negligent supervision and intentional and/or negligent infliction of emotional distress, under South Dakota Codified Laws §§20-9, et seq.

While the Defendant police officer was acting within the scope of her employment and under color of state law, she made an unlawful stop and detained Plaintiff that resulted in an unreasonable search and seizure, use of excessive force against the Plaintiff and the unlawful arrest of Plaintiff. The Defendants' actions caused physical and mental injury to Plaintiff.

This action is also brought against the City of Sturgis and Sturgis Police Department for failure to properly train and supervise Police Officer Jenna Richards ("Officer Richards"), the

1

police officer who along with unknown and as yet named police officers committed the acts complained of in this Complaint.

Plaintiff alleges that the Sturgis Police Department has a custom, pattern, practice, and/or policy of authorizing its officers to issue Uniform Traffic Tickets unlawfully to citizens under South Dakota's disorderly conduct statute, SDCL §22-18-35, based on their use of free speech protected by the First and Fourteenth Amendment to the Constitution of the United States. Plaintiff further alleges that the Sturgis Police Department fails to appropriately train and/or discipline its officers who issue Uniform Traffic Tickets illegally and forcefully.  Pursuant to Defendants City of Sturgis and Sturgis Police Department's custom, pattern, practice, policy, and/or failure to appropriately train and/or discipline its employees, Officer Richards unlawfully issued a Uniform Traffic Ticket and maliciously prosecuted Plaintiff based solely on Plaintiff's conduct of giving the middle finger in the direction of a large group of police officers, which is constitutionally protected speech.

## II.   JURISDICTION

1. This Court has original jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a) (4) and 42 U.S.C. § 1983.  This Court has jurisdiction to issue the requested declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2. The cause of action alleged in this Complaint arises from factual allegations occurring in this judicial district.

3. The named Defendant, City of Sturgis, is located within this judicial district.

4. The named Defendant, Sturgis Police Department, is located within this judicial district.

5. On information and belief, it is alleged that the named Defendant police officer resides in this judicial district.

6. The amount in controversy is in excess of $75,000.00.

### III.   PARTIES

7. Plaintiff, JONATHON CUNNINGHAM, is a citizen and resident of Rapid City, South Dakota.

8. Defendant, CITY OF STURGIS, is a municipal government entity organized under the laws of South Dakota, with its main offices located at 1040 2nd Street, Sturgis, South Dakota.

9. Defendant, STURGIS POLICE DEPARTMENT, with its main offices located at 1400 Main Street, Sturgis, South Dakota, has a legal responsibility to operate according to the laws of the United States and the State of South Dakota, including, but not limited to, the Constitution of the United States.

10. Defendant, OFFICER JENNA RICHARDS, is believed to be a citizen and resident of the State of South Dakota, and was at all times material to the allegations in this Complaint, a police officer employed by and acting under the authority of the Sturgis Police Department. At all relevant times, Officer Richards acted under color of state law. At all relevant times, Defendant Officer Richards acted within the scope of her employment by Defendant, City of Sturgis Police Department. Plaintiff names Defendant Officer Richards in her individual capacity.

### IV.   GENERAL ALLEGATIONS

#### A. Events Leading to Officer Richards' Unlawful Citation to Plaintiff

11. On August 8, 2012, Plaintiff was attending the Sturgis Motorcycle Rally, an annual week long gathering for motorcyclists and others at Sturgis, South Dakota.

12. At or about 8:00 P.M. on August 8, 2012, Plaintiff, accompanied by a friend, was walking along Main Street in downtown Sturgis heading toward the Shenanigans Casino located at 935 Main Street.

13. Shortly before entering Shenanigans Casino, Plaintiff gave the middle finger in the direction of a group of police officers standing nearby.

14. Plaintiff then entered the casino and exited approximately five minutes later.

15. Defendant Officer Richards, along with several unknown and as yet named police officers, lying-in-wait as Plaintiff exited the casino immediately surrounded the Plaintiff and his friend and demanded identification.

16. Plaintiff questioned Officer Richards as to why he was being detained, why he was being asked to provide identification and what crime he was suspected of committing to prompt the stop and detention by Officer Richards and unknown and as yet named police officers. Officer Richards simply replied "It doesn't matter".

17. Plaintiff then took his 'smart' phone from his pocket and was attempting to record the incident at which time Officer Richards slapped the phone out of Plaintiff's hands to the ground.

18. Officer Richards then proceeded to handcuff Plaintiff. It was after Plaintiff was handcuffed that he was informed of the disorderly conduct charge against him.

19. At all times, Plaintiff was acting lawfully and did not engage in illegal activity at any time.

20. At no time during the events described above was Plaintiff intoxicated, incapacitated, a threat to himself or others, or disorderly. Plaintiff did not commit any criminal offenses nor was there probable cause for a stop, detention, frisk or the arrest of Plaintiff by Officer Richards.

## B. Events Leading to Plaintiff's Physical and Emotional Injuries

21. At the time of Plaintiff's arrest, Officer Richards applied excessive force to tighten the handcuffs on Plaintiff and proceeded to escort Plaintiff to a waiting police van about one-fourth block away for the arrest site.

22. In the course of being escorted to the police van, Officer Richards once again applied excessive force to further constrict the handcuffs on Plaintiff without any legal justification and/or authority to do so.

23. Plaintiff immediately complained of loss of feeling in his hands and extreme pain in both wrists resulting in deep purple bruising to both wrists evident at the time of Plaintiff's booking at the Sturgis Police Department.

24. Plaintiff remained handcuffed in the manner described above for approximately forty-five minutes.

25. The extreme manner in the use of excessive force by Officer Richards applying the handcuffs to Plaintiff has resulted in nerve damage to Plaintiff's hands, specifically to Plaintiff's right and left thumb and in areas of both wrists.

26. Plaintiff's injuries required medical attention and physical therapy sessions. The need for physical therapy continues to present day.

27. At the time of Plaintiff 's unlawful arrest and application of excessive force during the arrest, Plaintiff was ready and able to enter the United States Air Force to begin a career in the military.

28. Plaintiff's career in the United States Air Force has been delayed or permanently deprived due to the unlawful actions of Officer Richards and unknown and as yet named police officers.

## C. Unlawful Criminal Citation

29. Officer Richards issued Plaintiff a Uniform Traffic Ticket charging Plaintiff with violating South Dakota's disorderly conduct statute, SDCL §22-18-35, based on Plaintiff's conduct of giving the middle finger in the direction of Defendant Officer Richards and unknown and as yet named police officers.

30. South Dakota's disorderly conduct statute, SDCL §22-18-35, is a Class 2 Misdemeanor as follows:

> "Any person who intentionally causes serious public inconvenience, annoyance, or alarm to any other person, or creates a risk thereof by:
> (1) Engaging in fighting or in violent or threatening behavior;
> (2) Making unreasonable noise;
> (3) Disturbing any lawful assembly or meeting of persons without lawful authority; or
> (4) Obstructing vehicular or pedestrian traffic."

31. Plaintiff was not charged with violating any particular section of the disorderly statute, SDCL §22-18-35, but rather Plaintiff was charged with violating every section of the South Dakota disorderly conduct statute.

32. Plaintiff was denied bail and denied a personal recognizance release on a Class 2 Misdemeanor charge and was held in police custody for approximately fifteen hours.

33. On or about August 27, 2012, the Meade County State's Attorney's office dismissed the disorderly conduct complaint against Plaintiff.

34. As a direct and proximate result of Defendants' actions, Plaintiff suffered the following injuries and damages:

   a. Violation of his rights under the First and Fourteenth Amendment to the Constitution of the United States to be free from criminal prosecution or to be retaliated against in any way for engaging in constitutionally protected speech;

b. Violation of his rights under the Fourth and Fourteenth Amendment to the Constitution of the United States to be free from an unreasonable search and seizure of his person;

c. Violation of his rights under the Fourth and Fourteenth Amendment to the Constitution of the United States to be free from malicious prosecution;

d. Loss of physical liberty for approximately fifteen hours.

e. Monetary loss for medical bills associated with Plaintiff's injuries and damaged property to be determined at trial.

f. Physical pain and suffering, emotional trauma, humiliation and distress.

g. Upon information and belief, the Defendants City of Sturgis and Sturgis Police Department, by virtue of custom, pattern, practice, policy, and/or failure to appropriately train and/or discipline, authorizes its police officers to act in an unconstitutional manner by enforcing SDCL §22-18-35 against citizens who merely criticize a police presence by giving the middle finger in the direction of a group of police officers, which is constitutionally protected speech.

## V.   CAUSES OF ACTION

### COUNT I
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (General Allegations)

35. Plaintiff alleges and incorporates herein by reference the allegations set forth in paragraphs 1-34 of this Complaint.

36. Defendants' application of South Dakota's disorderly conduct statute, SDCL §22-18-35, and in committing the acts complained of, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the First, Fourth, Fifth, and

Fourteenth Amendments to the Constitution of the United States including, but not limited to:

  a. The right to protected free speech;

  b. The right to be free from unreasonable searches and seizures;

  c. The right not to be deprived of liberty without due process of law;

  d. The right to be free from excessive use of force by persons acting under color of state law; and

  e. The right to be free from false arrest.

37. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized, unlawful stop, search, and seizure of Plaintiff based on Plaintiff's constitutionally protected free speech. The unlawful stop set into motion the chain of events that led to an unauthorized and illegal search and seizure, use of excessive force and loss of liberty to Plaintiff by the Defendants, in violation of Plaintiff's rights under the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

37. As a direct and proximate result of the violation of Plaintiff's constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983.

38. The conduct of the Defendants was willful, malicious, oppressive and reckless, and was conducted in such a manner that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged in this Complaint.

**COUNT II**
**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**
**(Retaliation for Exercise of First Amendment Rights)**

8

39. Plaintiff alleges and incorporates herein by reference the allegations set forth in paragraphs 1-34 of this Complaint.

40. The unlawful actions of Defendants were made in bad faith and in retaliation for Plaintiff's peaceful exercise of his constitutional rights to free speech.

41. The unlawful actions of Defendants were made in bad faith and in retaliation for Plaintiff's giving the middle finger in the direction of Defendant Officer Richards and a group of other police officers as mere criticism of a large police presence on August 8, 2012 in downtown Sturgis.

42. As a direct and proximate cause of Defendants' bad faith retaliatory actions, Plaintiff was injured in his rights to free speech guaranteed by the First and Fourteenth Amendments to the Constitution of the United States.

## COUNT III
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

43. Plaintiff alleges and incorporates herein by reference the allegations set forth in paragraphs 1-34 of this Complaint.

44. Defendant Officer Richards in her capacity as a police officer for the Sturgis Police Department at all relevant and material times and the Defendants City of Sturgis and Sturgis Police Department implicitly or explicitly adopted and implemented careless and reckless policies, customs, and/or practices, that included, among other actions, allowing employees of the Sturgis Police Department to confront citizens without reasonable suspicion or probable cause and without any reasonable training or knowledge of South Dakota's disorderly conduct statute, §22-18-35, which Defendants are required to uphold instead

Defendant Officer Richards acted in such a way as to cause personal injury and emotional trauma to Plaintiff without legal justification.

45. Defendant Officer Richards, in her capacity as a police officer for the Sturgis Police Department at all relevant and material times and the Defendants City of Sturgis and the Sturgis Police Department, implicitly or explicitly adopted and implemented a careless and reckless policy, custom, and/or practice of allowing employees of the Sturgis Police Department to detain and arrest citizens by the use of excessive force based on their exercise of free speech.

46. The failure of Defendants City of Sturgis and the Sturgis Police Department to adequately train and supervise Defendant Officer Richards and unknown and as yet named police officers who were present during the stop, detention and arrest of Plaintiff, amounts to deliberate indifference to the rights of the Plaintiff to be free from excessive force and unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States based on Plaintiff's exercise of his free speech under the First and Fourteenth Amendment to the Constitution of the United States.

47. As a result of Defendants deliberate indifference to Plaintiff's rights and Defendants inadequate policies, customs and practices, Plaintiff suffered personal injuries and is entitled to relief under 42 U.S.C. §1983.

## COUNT IV
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Use of Excessive Force)

48. Plaintiff alleges and incorporates herein by reference the allegations set forth in paragraphs 1-34 of this Complaint.

49. Defendants City of Sturgis and Sturgis Police Department has adopted policies, procedures, practices or customs within the Sturgis Police Department to allow, among other actions, the use of excessive force in handcuffing citizens when making an unlawful arrest.

50. The actions of Defendants City of Sturgis and Sturgis Police Department amount to deliberate indifference to the rights of the Plaintiff to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States based on Plaintiff's exercise of his protected speech under the First and Fourteenth Amendment to the Constitution of the United States.

51. As a result of the deliberate indifference to the Plaintiff's rights by the Defendants City of Sturgis and Sturgis Police Department and its employees, Plaintiff suffered serious physical injuries to his hands and wrists and is entitled to relief under 42 U.S.C. §1983.

## COUNT V
## Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
## (False Arrest)

52. Plaintiff alleges and incorporates herein by reference the allegations set forth in paragraphs 1-34 of this Complaint.

53. In committing the acts complained of, Defendant Officer Richards and unknown and as yet named police officers acted under color of state law by falsely detaining and arresting Plaintiff with no basis in fact or law to do so. In violating Plaintiff's right to be free from false arrest, the Defendants and unknown and as yet named police officers violated Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States based on Plaintiff's exercise of his rights to protected speech under the First and Fourteenth Amendment to the Constitution of the United States.

54. As a direct and proximate result of the violation of Plaintiff's constitutional right to be free from false arrest by the Defendants, Plaintiff suffered serious personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983.

## COUNT VI
### South Dakota Liability for Torts
### Pursuant to SDCL §20-9-1
### (False Imprisonment)

55. Plaintiff alleges and incorporates herein by reference the allegations set forth in paragraphs 1-34 of this Complaint.

56. Defendants breached a duty of care owed to Plaintiff so as not to deprive Plaintiff of his personal liberty by intentionally detaining, restraining, and arresting Plaintiff without just cause.

57. Defendants, without probable cause, wrongfully and unlawfully detained and restrained Plaintiff against his will through use of intimidation and force for a period of approximately forty-five minutes.

58. At no time during the Plaintiff's detainment did Plaintiff resist or attempt to resist Defendant Officer Richards and unknown and yet named police officers but was fully cooperative with the orders of Defendant Officer Richard and unknown and as yet named police officers.

59. Defendants are liable to Plaintiff for false imprisonment.

60. As a direct and proximate result of the false imprisonment by Defendant Officer Richards and unknown and as yet named police officers, Plaintiff suffered serious personal injuries and emotional trauma.

## COUNT VII
### South Dakota Liability for Torts
### Pursuant to SDCL §20-9-1
### (Conspiracy)

61. Plaintiff alleges and incorporates herein by reference the allegations set forth in paragraphs 1-34 of this Complaint.

62. Defendant Officer Richards and unknown and as yet named police officers present at the stop, detention, frisk and arrest of Plaintiff subsequently participated in a common design through a concert of action to protect Defendant Officer Richards's unlawful arrest of Plaintiff.

63. In committing the aforementioned acts, each Defendant and unknown and as yet named police officers directly and proximately physical injured and caused emotional trauma to the Plaintiff.

### COUNT VIII
### South Dakota Common Law
### (Assault)

64. Plaintiff alleges and incorporates herein by reference the allegations set forth in paragraphs 1-34 of this Complaint.

65. Defendants and unknown and as yet named police officers breached a duty of care owed to Plaintiff to not assault him or cause him physical harm or injury, except to the extent allowed by law.

66. Defendants and unknown and as yet named police officers knowingly, wantonly, intentionally, and with gross disregard for the rights of Plaintiff, assaulted Plaintiff by causing fear to Plaintiff by creating a threatening and intimidating stop, detainment, frisk and arrest without legal justification and authority to do.

67. Defendants and unknown and as yet named police officers knowingly, wantonly, intentionally, and with gross disregard for the rights of Plaintiff, assaulted Plaintiff by

causing fear to Plaintiff by using excess force in handcuffing Plaintiff to such a degree as to cause serious physical injury to Plaintiff's hands and wrists.

68. At no time during the events described above was Plaintiff intoxicated, incapacitated, a threat to himself or others, or disorderly.

69. Plaintiff was handcuffed in such an excessive and forceful manner for approximately forty-five minutes causing additional fear of physical harm.

70. As a direct and proximate result of the acts of the Defendants and unknown and as yet named police officers, Plaintiff suffered both physical and mental injuries and is entitled to relief.

## COUNT IX
## South Dakota Liability for Torts
## Pursuant to SDCL §20-9-1
## (Negligence)

71. Plaintiff alleges and incorporates herein by reference the allegations set forth in paragraphs 1-34 of this Complaint.

72. Each Defendant, including unknown and as yet named police officers, owed Plaintiff a duty to use due care all times of the aforementioned incidents alleged in this Complaint.

73. In committing the aforementioned acts and/or omissions, each Defendant and unknown and as yet named police officers negligently breached their duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiff as alleged in this Complaint.

## COUNT X
## South Dakota Liability for Torts
## Pursuant to SDCL §20-9-1
## (Negligent Supervision)

74. Plaintiff alleges and incorporates herein by reference the allegations set forth in paragraphs 1-34 of this Complaint.

75. Each Defendant and unknown and as yet named police officers owed Plaintiff a duty to use due care at all times of the aforementioned incidents alleged in this Complaint.

76. Defendants City of Sturgis and Sturgis Police Department negligently supervised Defendant Officer Richards and unknown and as yet named police officers by failing to provide proper training and failure to outline proper procedures in conducting a stop, detention, retention and arrest under South Dakota's disorderly conduct statute, SDCL §22-18-35.

77. In committing the aforementioned acts or omissions, Defendant Officer Richards and unknown and as yet named police officers negligently breached their duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** the above premises considered, Plaintiff JOHN CUNNINGHAM, requests the following relief:

1. That process be issued to the Defendants and that Defendants be required to answer in the time allowed by law.

2. That declaratory judgment be entered that Defendants applied the South Dakota disorderly conduct statute, SDCL §22-18-35, in an unconstitutional manner when Defendant Officer Richards and unknown and as yet named police officers stopped and detained Plaintiff and that Defendant Officer Richards issued an illegal Uniform Traffic Ticket to Plaintiff.

3. That declaratory judgment be entered that Defendants municipality and police department have a custom, pattern, practice, and/or policy of applying SDCL §22-18-35 in an

unconstitutional manner to retaliate against and chill citizens' protected speech rights under the First and Fourteenth Amendment to the Constitution of the United States.

4. That judgment be rendered in favor of the Plaintiff and against the Defendants on all causes of action asserted in this Complaint.

5. That Plaintiff be awarded those damages to which it may appear he is entitled by the proof submitted in this cause for his physical and mental trauma, both past and future; loss of enjoyment of life; and medical expenses, both past and future.

6. That Plaintiff be awarded punitive damages against the Defendants.

7. That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney fees and expert fees, pursuant to 42 U.S.C. §1988(b) and (c).

8. That Plaintiff receive other further and general relief to which it may appear he is entitled.

9. A jury for the trial of this matter.

Dated this 9th day of November, 2012.

Respectfully submitted,

Deborah L. DuBray
SBSD # 3869
DUBRAY LAW OFFICE
3906 Crocus Lane
Rapid City, SD  57702
(605) 390-0244
dubraylaw@gmail.com

Attorney for Plaintiff